

UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARL E. SANDERS

v

Case No. 08CV1660
JURY DEMANDED
HON. MATTHEW F. KENNELLY

THE UNITED STATES.

**AMENDED COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

CARL E. SANDERS, Plaintiff, now comes before this Court and complain of the United States Government, as follows:

**I JURISDICTION, VENU, AND CONDITIONS PRECEDENT**

1. Plaintiff resides at 206 Dogwood Street, Park Forest, IL 60466, and thus are residents of the Eastern Division of the Northern District of Illinois.

2. The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C., Section 1346(b)(1), for money damages as compensation for loss of property that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Illinois.

3. Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Eastern Division of the Northern District of Illinois, and arose from the interfering with a business and employment relationship against Mr. Sanders by the United States Government and its agents, maliciously and without probable cause.

4. Plaintiffs have fully complied with the provisions of 28 U.S.C., Section 2675 of the Federal Tort Claims Act.

5. This suit has been timely filed, in that Plaintiffs timely served notice of their claims on both The Department of Housing and Urban Development in August, 2005. The Inspector General of HUD assumed responsibility for processing the claim on behalf of both agencies, but in spite of numerous telephone calls and letters from me, two (2) Senators, and a Congressman to the Inspector General over the following 3 years and 10 months period requesting a decision on Plaintiffs' claims, no decision was ever rendered by the government.

## II EVENTS FORMING THE BASIS OF THE CLAIMS

1. Plaintiff, has been employed in real estate sales and property management in the Chicago area for more than 30 years in various positions; including Sales Agent, Property Manager, District Manager and Associate Director of Property Operations. Many of the properties for which Plaintiff had management responsibilities were in neighborhoods where gang activity and drug crimes were epidemic and migrated into the properties.

2. Because of Plaintiff's experience with these types of properties, He was hired by the P.M. One Limited Management Company, a Michigan Based Corporation, as a property supervisor in September, 1996.

3. Plaintiff assumed responsibility for South Pointe, a 22 story, 303 unit 100% subsidized, Section 8 and Tax Credit, apartment building in March, 1998, and continued there through mid April, 2001.

4. Upon information and belief, Housing and Urban Development (HUD) was looking for reasons to abate the contracts with PMOL and give them to politically connected Chicago based companies.

5. Upon information and belief, Veronica Coleman, is an employee with the title of Director at HUD.

6. Due to Plaintiff tenure with PMOL, He lost his job at Mercy Housing, Inc. because of Veronica Coleman's malicious lies.

7. Veronica Coleman thwarted any efforts the Plaintiff may have had in getting a job in one or more of the following ways:
    a. Told Mercy Housing Incorporated Management that Plaintiff had "messed-up P.M One Limited Management Company and they were not making a wise choice with the Plaintiff as a MHI employee to oversee HUD regulated portfolios.
    b. In May, 2005, Veronica Colman prevented Plaintiff from getting a job with American Apartment Management Company by tell this company that the Plaintiff had "mess-up PMOL".

  c. Plaintiff was not able to get a job in the subsidized housing industry because of Ms. Coleman's actions.

8. The claims of Plaintiff are based on the acts and events set froth below all of which actions were taken (and events were caused) by HUD employees of the United States Government while acting with the scope of their employment:
   a. HUD did illegally abate the contract with PMOL. However, PMOL sued and won the case in the Court of Federal Claim (case no.: 03-2309C).
   b. The fact is that the Judge ruled in the case that Veronica Coleman/HUD Management, et el wrongly abated the contract thereby "messing-up" PMOL. The Judge also found HUD employees not credible in their testimony. In layman's terms, they "lied/perjured themselves under oath.
   c. Veronica Coleman blackballed the Plaintiff in the industry by telling MHI, AAMC that He had "messed-up" PMOL when in fact it was HUD, et, el. who "messed-up" PMOL.
   d. Veronica Coleman acted purposely and with malice and with the intent to cause injury to the Plaintiff.

### III FIRST CLAIM – VIOLATION OF 28 U.S.C., SECTION 2880

1. Plaintiffs incorporate by reference herein all allegations set forth above.
2. The acts and events set forth above constitute Tortuous Interference with a business/employment relationship under the laws of the State of Illinois. Because these acts and events were undertaken and caused by HUD and their employees and/or agents of the United States, the United States Government is liable for all damages caused by such acts, as provided by 28 U.S.C., Section 2680(h).

### IV. DAMAGES

1. Plaintiffs has suffered the following injuries for which He seek full compensation under the law:
   a. $384,000 in loss wages and benefits;
   b. $ 37,700 in personal loans to survive;
   c. $ 18,300 in credit card loans to survive;
   d. Damage to reputation;
   e. Emotional distress and humiliation, and
   f. The plaintiff request that the Court and/or Jury to assess punitive damages for Emotional and Mental Distress, Humiliation and Damage to Reputation for not less than $2,000,000 because the defendant actions were purposely and with malice and with the intent to injure.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff is entitled to damages from the United States, and He do hereby prey that judgment be entered in his favor and against the United States government as follows:

1. Coast of this lawsuit, in the amount of $_____; plus,
2. Amount of loss wages and benefits; survival and credit card loans of $440,000; plus,
3. Emotional distress and humiliation in the amount of $1,500,000; and,
4. Damage to reputation in the amount of $500,000.
5. Plaintiff further is entitled and do hereby seek recovery of all costs and attorneys fees incurred by Plaintiff in this civil action, together with such further and additional relief at law or in equity that this Court may deem appropriate or proper.

Respectfully Submitted

_____
Carl E. Sanders

Carl E. Sanders, PROSE
206 Dogwood Street
Park Forest, IL 60466-1823
Voice: (708) 747-1008
Email: carlces@sbcglobal.net