UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL E. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1660 |
| | ) | |
| UNITED STATES OF AMERICA, U.S. | ) | |
| DEPARTMENT OF HOUSING AND | ) | Judge Kennelly |
| URBAN DEVELOPMENT, SECRETARY | ) | |
| ALFONZO JACKSON, VERONICA | ) | |
| COLEMAN and KENNETH R. DONOHUE, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF THE UNITED STATES AND THE DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION AND ALTERNATIVELY FOR SUMMARY JUDGMENT**

The United States of America and the Department of Housing and Urban Development, by their attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, move for summary judgment pursuant to Federal Rule of Civil Procedure 56 and, alternatively, to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). In support, defendants state as follows:

1. Plaintiff Carl Sanders alleges that employees of HUD have made statements regarding Sanders to third parties that amount to tortious interference with a business relationship. Second Amended Complaint, ¶¶ 1, 22-43. Sanders seeks $440,000 in actual damages and $2,000,000 in punitive damages from HUD, Secretary Alfonzo Jackson, Vernoica Coleman, and Kenneth R. Donohue.

2. The Federal Tort Claims Act ("FTCA") is the "exclusive" jurisdictional basis for a common law tort claim against the United States or any employee "while acting within the scope

of his office or employment." 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992). The court lacks subject matter jurisdiction over Sanders' tortious interference claim for at least two reasons.

3.  *First*, no FTCA action can be initiated against the United States until the plaintiff has properly presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a); 24 C.F.R. § 17.2; *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings*, 463 F.2d at 1179.

4.  Sanders alleges that he complied with this provision of the FTCA by sending letters to HUD's Inspector General. Second Amended Complaint, ¶ 4. However, the letters attached to Sanders' second amended complaint do not amount to presentment of an administrative tort claim because Sanders' letters to HUD did not include a Standard Form 95 or other written notification of an incident "accompanied by a claim for money damages in a sum certain." LR 56.1 Stmt. at ¶ 1. *See* 28 C.F.R. § 14.2(a) (requiring such submissions to properly initiate an administrative claim); 24 C.F.R. § 17.2(a) (same). A search of HUD's tort claims files confirms that Sanders has not filed an actual administrative tort claim with HUD. L.R. 56.1 Stmt. at ¶ 2. Accordingly, summary judgment is appropriate because the court lacks subject matter jurisdiction over Sanders' tort claim due to his failure to exhaust administrative remedies in accordance with 28 U.S.C. § 2675(a) before

bringing a district court complaint. *McNeil*, 508 U.S. at 110-111, 113; *Sullivan v. United States*, 21 F.3d 198, 206 (7th Cir. 1994).

5.  *Second*, the FTCA provides limited exceptions to the United States' sovereign immunity and allows persons to sue the federal government only for specific actions of its employees and agents. 28 U.S.C. § 1346(b); *Employers Ins. of Wausau v. United States*, 27 F.3d 245, 247 (7th Cir. 1994). However, section 2680(h) of the FTCA, which is commonly known as the intentional tort exception, specifically states that the United States does not waive sovereign immunity for "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h); *Wilson v. United States*, 959 F.2d 12, 14-15 (2d Cir. 1992). The substance of Sanders' allegations is that employees of the United States tortiously interfered with Sanders' contractual relationships and prospective business relationships. Second Amended Complaint, ¶¶ 22-41. Under the FTCA, there is no waiver of sovereign immunity that allows the United States to be sued for claims of tortious interference with contractual or business relationships. *See Davric Maine Corp. v. United States Postal Service*, 238 F.3d 58, 61-64 (1st Cir. 2001); *Vitrano v. United States*, 2008 WL 1752221, *1-3 (S.D.N.Y. April 16, 2008); *Martinek v. United States*, 254 F.Supp.2d 777, 790-91 (S.D. Ohio 2003). The court therefore lacks subject matter jurisdiction over Sanders' claim, and his second amended complaint should be dismissed.

6.  *Finally*, courts have uniformly held that the FTCA bars suits against employees of the United States in their individual capacities for common-law tort claims arising in the scope of their employment. *Sullivan v. United States*, 21 F.3d at 200. Pursuant to the Certification by the Attorney General's designee attached hereto as Exhibit A, this civil action accordingly shall be

deemed an action against the United States under 28 U.S.C. § 2679, and the United States is substituted as the party defendant in lieu of Alfonzo Jackson, Veronica Coleman, and Kenneth R. Donohue pursuant to 28 U.S.C. § 2679(d), and 42 U.S.C. § 233.  Additionally, a plaintiff may only bring a FTCA claim against the United States and not against specific departments.  *Carlson v. Hood*, 2005 WL 3005617, *1 (N.D. Ill. Nov. 7, 2005).  Accordingly, Sanders' claim against HUD should be dismissed.

WHEREFORE, summary judgment should be entered in favor of the United States or, in the alternative, the case should be dismissed for lack of subject matter jurisdiction.

>Respectfully submitted,
>
>PATRICK J. FITZGERALD
>United States Attorney
>
>By: s/ Eric S. Pruitt
>     ERIC S. PRUITT
>     Assistant United States Attorney
>     219 South Dearborn Street
>     Chicago, Illinois 60604
>     (312) 353-5496
>     eric.pruitt@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

**MOTION OF THE UNITED STATES AND THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT FOR SUMMARY JUDGMENT AND ALTERNATIVELY TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

**DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF FACTS**

**NOTICE TO PRO SE LITIGANT OPPOSING MOTION FOR SUMMARY JUDGMENT**

was served on August 12, 2008 by U.S. Mail on the plaintiff at the following address:

Carl E. Sanders
206 Dogwood Street
Park Forest, Illinois 60466-1823

s/ Eric S. Pruitt
ERIC S. PRUITT
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5496
eric.pruitt@usdoj.gov

Exhibit A

Case 1:08-cv-01660    Document 18-2    Filed 08/12/2008    Page 1 of 2

## CERTIFICATION

Pursuant to the provisions of 28 U.S.C. § 2679, as amended, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Carl E. Sanders v. United States Department of Housing and Urban Development, Secretary Alfonzo Jackson, Veronica Coleman and Kenneth R. Donohue*, Case No 08 C 1660 (N.D. Ill.), and that on the basis of the information now available with respect to the incidents referred to therein, I certify that Alfonzo Jackson, Veronica Coleman and Kenneth R. Donohue were acting within the scope of their employment as employees of the United States at the time of the incidents out of which the claims arose.

Dated: August 12, 2008

_____
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
   for the Northern District of Illinois

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL E. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 1660 |
| ) | |
| U.S. DEPARTMENT OF HOUSING AND ) | |
| URBAN DEVELOPMENT, SECRETARY ) | Judge Kennelly |
| ALFONZO JACKSON, VERONICA ) | |
| COLEMAN AND KENNETH R. DONOHUE, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF UNCONTESTED FACTS

Defendants the United States of America and Department of Housing and Urban Development, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, submit the following statement of material facts as to which defendants contend there is no genuine issue and entitles them to judgment as a matter of law pursuant to Local Rule 56.1 of the United States District Court for the Northern District of Illinois.

1. Carl E. Sanders submitted three letters to the Inspector General of the United States Department of Housing and Urban Development. Second Amended Complaint, ¶ 4 and Exhibits A, B and C thereto. None of these letters include a Standard Form 95 or other written notification of an incident accompanied by a claim for money damages in a sum certain. *Id.*

2. HUD has searched its records of all tort claims submitted to HUD. Ex. A (Declaration of Miniard Culpepper, Esq.). This search found no record that Carl E. Sanders had filed

a claim for injury or damages with HUD. *Id.*

                      Respectfully submitted,

                      PATRICK J. FITZGERALD
                      United States Attorney

                      By: s/ Eric S. Pruitt
                          ERIC S. PRUITT
                          Assistant United States Attorney
                          219 South Dearborn Street
                          Chicago, Illinois 60604
                          (312) 353-5496
                          eric.pruitt@usdoj.gov

L.R. 56.1 Statement of Facts

Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CARL E. SANDERS

    Plaintiff,

v.                        C.A. No. 08-cv-01660

U.S. DEPARTMENT OF
HOUSING AND URBAN
DEVELOPMENT, ET AL.

    Defendant.

DECLARATION

I, Miniard Culpepper, pursuant to 28 U.S.C. Section 1746, declare and state as follows:

1.    I am the Regional Counsel for the New England Region for the United States Department of Housing and Urban Development.

2.    In this position I am responsible for supervising the review and processing of all tort claims filed with the United States Department of Housing and Urban Development pursuant to the Federal Tort Claims Act. Under HUD procedures, administrative tort claims filed with HUD must be referred to my office for processing under 24 C.F.R. Part 17, Subpart A.

3.    A search of the files in my office has been conducted. Based on this search, and to the best of my knowledge, the named plaintiff, Carl E. Sanders, has not filed a claim for injury or damages with the U.S. Department of Housing and Urban Development.

4.    I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 28th day of May, 2008.

                                              Miniard Culpepper
                                              Regional Counsel for New England
                                              U.S. Department of Housing and Urban Development
                                              10 Causeway Street, Room 310
                                              Boston, MA 02222

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL E. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1660 |
| | ) | |
| U.S. DEPARTMENT OF HOUSING AND | ) | |
| URBAN DEVELOPMENT, SECRETARY | ) | Judge Kennelly |
| ALFONZO JACKSON, VERONICA | ) | |
| COLEMAN AND KENNETH R. DONOHUE, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE TO PRO SE LITIGANT OPPOSING MOTION FOR SUMMARY JUDGMENT**

The defendant has moved for summary judgment against you. This means that the defendant is telling the judge that there is no disagreement about the important facts of the case. The defendant is also claiming that there is no need for a trial of your case and is asking the judge to decide that the defendant should win the case based on its written argument about what the law is.

In order to defeat the defendant's request, you need to do one of two things: you need to show that there is a dispute about important facts and a trial is needed to decide what the actual facts are or you need to explain why the defendant is wrong about what the law is.

Your response must comply with Rule 56(e) of the Federal Rules of Civil Procedure and Local Rule 56.1 of this court. These rules are available at any law library. Your Rule 56.1 statement needs to have numbered paragraphs responding to each paragraph in the defendant's statement of facts. If you disagree with any fact offered by the defendant, you need to explain how and why you disagree with the defendant. You also need to explain how the documents or declarations that you are submitting support your version of the facts. If you think that some of the facts offered by the defendant are immaterial or irrelevant, you need to explain why you believe that those facts should

not be considered.

In your response, you must also describe and include copies of documents which show why you disagree with the defendant about the facts of the case. You may rely upon your own declaration or the declarations of other witnesses. A declaration is a signed statement by a witness. The declaration must end with the following phrase: "I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct," and must be dated. If you do not provide the Court with evidence that shows that there is a dispute about the facts, the judge will be required to assume that the defendant's factual contentions are true, and, if the defendant is also correct about the law, your case will be dismissed.

If you choose to do so, you may offer the Court a list of facts that you believe are in dispute and require a trial to decide. Your list of disputed facts should be supported by your documents or declarations. It is important that you comply fully with these rules and respond to each fact offered by the defendant, and explain how your documents or declarations support your position. If you do not do so, the judge will be forced to assume that you do not dispute the facts which you have not responded to.

Finally, you should explain why you think the defendant is wrong about what the law is.

        PATRICK J. FITZGERALD
        United States Attorney

By: s/ Eric S. Pruitt
    ERIC S. PRUITT
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5496
    eric.pruitt@usdoj.gov