UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL E. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 1660 |
| ) | |
| UNITED STATES OF AMERICA, U.S. ) | |
| DEPARTMENT OF HOUSING AND ) | |
| URBAN DEVELOPMENT, SECRETARY ) | Judge Kennelly |
| ALFONZO JACKSON, VERONICA ) | |
| COLEMAN and KENNETH R. DONOHUE, ) | |
| ) | |
| Defendants. ) | |

**REPLY OF THE UNITED STATES AND THE DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT IN SUPPORT OF THEIR
MOTION TO DISMISS AND ALTERNATIVELY FOR SUMMARY JUDGMENT**

Plaintiff Carl Sanders' response does not present the court with any facts or law that prevent the court from entering summary judgment or dismissing the complaint. Instead, Sanders' response relies on a mischaracterization of the United States' argument regarding his failure to exhaust administrative remedies and completely fails to address the fact that claims for tortious interference are barred under the FTCA.

1. Sanders contends that the United States has taken the "exceedingly legalistic" position that Sanders failed to exhaust his administrative remedies because he failed to file a Standard Form 95. This is not the United States' position. As the United States clearly stated in its opening brief, Sanders failed to exhaust his administrative remedies because he never provided HUD with a Standard Form 95 *or* other notification of an incident accompanied by a claim for money damages in a "sum certain" as required. *See* 28 C.F.R. § 14.2(a); 24 C.F.R. § 17.2(a). The requirement that a party submit a "claim for money damages in a sum certain" is not "exceedingly

legalistic," but in fact serves an important, practical purpose. *Christides v. Zuckerman*, 2004 WL 1005750 (N.D. Ill. May 4, 2004) is illustrative of this point. In *Christides*, the plaintiff alleged that he was injured when hit by a vehicle in a post office lobby. *Id.* at *1. The plaintiff sent a letter to the USPS titled "Notice of Attorney's Lien and Claim." The letter stated that plaintiff suffered injuries on a specific date, but failed to state a "sum certain" in damages. *Id.* at *2. The United States moved to dismiss the complaint, arguing that Christides failed to exhaust his administrative remedies because he had not submitted a claim for a sum certain prior to filing suit. In granting the United States' motion, the district court began by noting the Seventh Circuit's prior holding that a failure to comply with administrative claim requirements is fatal where the omission "frustrate[s] the process of conciliation and settlement that the administrative demand is supposed to initiate." *Id*. at *3 (citing *Kanar v. United States*, 118 F.3d 527, 530 (7th Cir. 1997)). Following this guidance, the district court held that a plaintiff's failure to submit an administrative claim for a sum certain is fatal because "the failure hinders the settlement process." *Id.* at *3-6 (citing several cases from this district and other circuits dismissing cases where the plaintiff's submission to an agency did not contain a claim for a sum certain).[1] The letters attached to Sanders' second amended complaint do not contain anything resembling a claim for a sum certain, and Sanders has not provided the court with any evidence that he ever submitted such a claim to HUD. Accordingly, consistent with *Christides* and the cases cited therein, the United States is entitled to summary judgment due to Sanders' failure to exhaust his administrative remedies.

---

[1] Yet another reason for the "sum certain" requirement is that the FTCA does not normally permit suits against the United States for amounts in excess of the amount administratively claimed. 28 U.S.C § 2675(b). If plaintiffs are not held to the requirement of submitting claims for a sum certain, this provision of the FTCA would be rendered superfluous.

2.	Sanders' response brief completely fails to address the alternative grounds requiring dismissal of Sanders' second amended complaint.  As set forth in the United States' opening brief, the United States has not waived its sovereign immunity for claims of tortious interference with contract or prospective business relationship, and therefore cannot be sued for such claims.  *See* Mot. at 2-3.  Instead of addressing this issue, the majority of Sanders' brief simply recites the litany of complaints that Sanders has against HUD and its employees.  The court's lack of jurisdiction over tortious interference claims provides a second, independent basis for dismissal of this suit.

WHEREFORE, the court should enter summary judgment in favor of the United States or, in the alternative, the case should be dismissed.

>	Respectfully submitted,
>
>	PATRICK J. FITZGERALD
>	United States Attorney
>
>	By: s/ Eric S. Pruitt
>	     ERIC S. PRUITT
>	     Assistant United States Attorney
>	     219 South Dearborn Street
>	     Chicago, Illinois 60604
>	     (312) 353-5496
>	     eric.pruitt@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**REPLY OF THE UNITED STATES AND THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT IN SUPPORT OF THEIR MOTION TO DISMISS AND ALTERNATIVELY FOR SUMMARY JUDGMENT**

was served on August 26, 2008 by U.S. Mail on the plaintiff at the following address:

Carl E. Sanders
206 Dogwood Street
Park Forest, Illinois 60466-1823

                                        s/ Eric S. Pruitt
                                        ERIC S. PRUITT
                                        Assistant United States Attorney
                                        219 South Dearborn Street
                                        Chicago, Illinois 60604
                                        (312) 353-5496
                                        eric.pruitt@usdoj.gov