

FILED
Sep 5, 2008
SEP - 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARL E. SANDERS          )
                           )
       Plaintiff,     )
                           )
       v.             )     No. 08 CV 1660
                           )
UNITED STATES DEPARTMENT  )
OF HOUSING & URBAN       )     Judge Kennelly
DEVELOPMENT SECRETARY,   )
ALFONZO JACKSON         )
                           )
       Defendant,    )
                           )

## PLAINTIFF'S SUPPLEMENTAL FACTS AND REPLY TO DEFENDANT MORTON TO DISMISS

### Defendant's Statement of Uncontested Facts and Plaintiff's Response:

**Statement:**   Plaintiff's respectfully plead the court to consider the plaintiff's reply carefully and in the spirit of fairness:

#### IG ABDICATED THE RESPONSIBILITY OF HIS OFFICE

1.    Plaintiff's has been mired by the defendant for more than three (3) years.

2.    The defendant has used the powers and resources of its office to prevent the plaintiff's from earning a living by blackballing him in the subsidize housing industry.

3.    The initial contact/notification to the OIG (August 2005 – exhibit A of the second amended complaint) was ignored or destroyed. Note: Upon information, HUD has a practice of destroying important documents – Freddie C. Batchelor, Case No. 08 C 1658, has requested the US Attorney Office to appoint a Special Prosecutor to investigate what is understood to be the facts of HUD destroying documents.

4.    No sum-certain was quoted in the plaintiff's initial contact with the OIG because the plaintiff's requested that the OIG investigate and stop HUD from causing further damage to him. The plaintiff's even listed the contacting information of the parties for the OIG to investigate.

5.    As pointed out in number 3 above, the OIG either ignored or destroyed the document that was sent by certified mail and his office signed for (see exhibit #1).

6.    The defendant did not response until a follow-up letter was sent in February 2007; 18 months later (exhibit B of the second amended complaint).

7.    The OIG did respond to the follow-up letter, number 6 above, by saying that they did not have jurisdiction over the plaintiff's case (see exhibit #2).

8.    A reply to my inquest to the US Attorney General (Alberto Gonzales) indicated that the OIG does have jurisdiction over the plaintiff's situation (see exhibit #3).

9.    Further corresponding to two (2) senators and a congressman (exhibit D, E and F of the second amended complaint) caused the OIG to write what I call political letters which are the same as exhibit #2.

10.    Exhibit #4 is the letter from Mark A. Studdert, General Deputy Assistant Secretary for Congressional and Intergovernmental Relations, to Congressman Jesse L. Jackson, Jr., in essence, agreeing that they had blackballed the plaintiffs in the subsidized housing industry and they had a right to do so.

       This letter also proves the plaintiff's allegation that he was crucified for HUD's own SINS. Remember, case # 03-2209C, Court of Federal Claims, ruled that it was HUD, ET El that was at fault and their employees were not creditable. This is why the plaintiff's attached Judge Horn and Judge Wolski opinions along with Donald Samuelson Declaration to his reply regarding defendant summary judgment to dismiss.

11.    Exhibit C (of the second amended complaint) is the plaintiff's letter requesting the OIG to reconsider his complaint since he now knew what Judge Horn ruling was regarding HUD ET El which in essence prove his complaint. Also pointing out that HUD employees had perjured themselves under oath.

12.    Exhibit # 5 is the OIG response to exhibit C, #11 above which clearly states: "we reviewed your March 8, 2008 letter and determined that your additional information does not warrant the reopening of Hotline Case No. HL-07-2689". This statement to the plaintiff's proves willful negligent and dereliction of duty.

13.  The OIG abdicated the responsibility of his office and did not explain anything about a SF 95 during all this time. How could he? He ran from the case and he himself should be investigated for the abdication of his responsibilities in light of the gravity of the situation!

### TORTIOUS INTERFERENCE

14.  Plaintiff's is a Pro Se litigant with no resources and is seeking justice and restitution under the US Constitution Equal Access to Justice Act.

15   Plaintiff's does not have the benefit of legal astuteness and/or legal training to flush out the tortuous interference in this case which caused the Plaintiff's to loose his job and prevented him from getting other work. However, plaintiff's does think that he has presented enough documentation to the court to prove that he has been irreparable damaged and should be able to get justice and restitution.

16.  Plaintiff's preys that the Court sees fit based on the evident, to appoint legal counsel and let this case proceed.

Respectfully Submitted

Carl E. Sanders                        9/4/08

Carl E. Sanders              Date

Carl E. Sanders, Pro Se
206 Dogwood Street
Park Forest, IL 60466-1823
Voice: (708) 747-1008
Email: carlces@sbcglobal.net

SENDER: COMPLETE THIS SECTION

□ Complete items 1, 2, and 3. Also complete
    item 4 if Restricted Delivery is desired.
□ Print your name and address on the reverse
    so that we can return the card to you.
□ Attach this card to the back of the mailpiece,
    or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  □ Agent
                            □ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

1. Article Addressed to:

Honorable Kenneth M Donohue
Inspector General
U.S. Dept. of HUD
451 7th Street, S. W.
Washington, DC 20410

3. Service Type
   □ Certified Mail      □ Express Mail
   □ Registered          □ Return Receipt for Merchandise
   □ Insured Mail        □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number
   (Transfer from service label)
   7004 2890 0003 7209 1129

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

EXHIBIT #1

EXHIBIT #2 



**OFFICE OF INSPECTOR GENERAL**
**U.S. Department of Housing and Urban Development**
**WASHINGTON, D.C. 20410-4500**

∠ 3  2007

Mr. Carl E. Sanders
206 Dogwood Street
Park Forest, IL  60466-1823

Dear Mr. Sanders:

We reviewed the information you provided to our office and determined that your issues do not come under the jurisdiction of the Office of Inspector General.  However, we have referred your information to the HUD program office responsible for addressing your issues.  If a response is necessary, that HUD office will contact you.  The HUD office to which we referred your information is the Deputy Assistant Secretary for Housing Operations, 451-7th Street, SW, Washington, DC.  Should you wish to contact that office, it can be reached at 202- 708-1104.

Sincerely,

Robert L. Ashworth
Director, Program Integrity
(Hotline) Division

GFI/31

**U.S. Department of Justice**
Civil Rights Division
Housing and Civil Enforcement Section

EXHIBIT #8 3

SHR:JRT:JD:KD:bb
DJ#175-23-0

| | |
|---|---|
| *U.S. Mail:* | *950 Pennsylvania Ave., N.W. – G St.* |
| | *Washington, DC 20530* |
| *Overnight:* | *1800 G Street, NW* |
| | *Suite 7002* |
| | *Washington, DC 20006* |
| *Telephone:* | *(202) 514-4713* |
| *Facsimile:* | *(202) 514-1116* |

Mr. Carl E. Sanders
206 Dogwood Street                     JUN 1 4 2007
Park Forest, IL 60466

Dear Mr. Sanders:

        This is in response to your correspondence to Attorney General Alberto Gonzales regarding your complaint against the U.S. Department of Housing and Urban Development (HUD). We hope you can understand that the Attorney General cannot personally respond to all the correspondence that he receives. We apologize for the delay in our response.

        The Civil Rights Division of the Department of Justice has responsibility for the enforcement of several federal civil rights laws which prohibit discrimination on the basis of race, color, national origin, religion, sex, disability and familial status in areas such as housing, credit, employment, education and voting. However, the Department cannot take action concerning a complaint unless it concerns a law that specifically authorizes the Department to take enforcement action.

        We have carefully reviewed the information contained in your letter. This Department, however, does not have authority to review the decisions made by HUD. Accordingly, the Department of Justice has no authority to take any action with respect to your complaint. Moreover, the Department cannot provide legal advice or opinions to private citizens.

        Any complaint that you may have against HUD, the Office of Inspector General, or personnel employed by HUD must be handled directly with that agency, which your correspondence indicates you have done. If you are not satisfied with the attention your complaint has received, we suggest that you seek the advise of a private attorney. You may find your state bar association, or local legal assistance office, helpful in locating an attorney to discuss your complaint. You may contact your local organizations at the following addresses and telephone numbers:

Illinois State Bar Association
424 South Second Street
Springfield, IL 62701
(217) 525-1760

Cook County Legal Assistance Foundation, Inc.
1146 Westgate, Suite LL3
Oak Park, IL 60301
(708) 524-2600

We regret we cannot offer you further assistance.

Sincerely,

Steven H. Rosenbaum
Chief

By: _Karen Delancy_

Karen Delancy
Paralegal Specialist
Housing and Civil Enforcement Section

- 2 -



U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, DC 20410-1000

OFFICE OF CONGRESSIONAL AND
INTERGOVERNMENTAL RELATIONS

SEP 2 8 2007

The Honorable Jesse L. Jackson, Jr.
U.S. House of Representatives
Washington, DC 20515-1302

EXHIBIT # 1

Dear Representative Jackson:

Thank you for your letter of July 27, 2007, on behalf of your constituent Carl Sanders, formerly of PM One Limited. Mr. Sanders alleges that an employee of the Department damaged his reputation and prevented him from obtaining employment in the subsidized housing industry.

There have been a number of multifamily developments managed by PM One Limited in Illinois. Mr. Sanders was the Regional Manager for PM One Limited. The Multifamily Office in Chicago found PM One Limited's performance, on several developments, to be less than satisfactory. The Multifamily Office found defaults of mortgages, unacceptable management reviews, and poor physical conditions at some of these developments.

Periodically, property owners contact the Department regarding the management services rendered on projects with FHA mortgages. At such times, Departmental staff provides an honest assessment of the services being provided. In researching the merits of Mr. Sanders' allegations, the Department did not find that any HUD employee engaged in inappropriate conduct.

I hope that this information is helpful in responding to your constituent. If I can be of further assistance, please let me know.

Sincerely,

Mark A. Studdert
General Deputy Assistant Secretary
for Congressional and
Intergovernmental Relations

www.hud.gov

Exhibit # 5



**OFFICE OF INSPECTOR GENERAL**
**U.S. Department of Housing and Urban Development**
**WASHINGTON, D.C. 20410-4500**

MAR 17 2008

Mr. Carl E. Sanders
206 Dogwood Street
Park Forest, IL 60466-1823

Dear Mr. Sanders:

We reviewed your March 8, 2008 letter and determined that your additional information does not warrant the reopening of Hotline Case No. HL-07-2689. However, we have referred your information to the HUD program office responsible for addressing your issue. If a response is necessary, that HUD office will contact you. The HUD office to which we referred your information is the Office of the Deputy Assistant Secretary for Housing Operations in Washington, DC. Should you wish to contact that office, it can be reached at 202-708-1104.

Sincerely,

Robert L. Ashworth
Director, Program Integrity
(Hotline) Division

GFI/41